IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KATHLEEN A. DEVINE,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **STATE OF DELAWARE DEPARTMENT OF EDUCATION,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Kathleen A. Devine ("Devine" or "Plaintiff") is a resident of the State of Delaware residing at 320 E. North Street, Smyrna, DE 19977-1536.

2. Defendant State of Delaware Department of Education ("DOE" or "Defendant") is a State entity located at 401 Federal Street, Suite #2 Dover, DE 19901, and may be served by serving the Attorney General for the State of Delaware at the Delaware Department of Justice, Carvel State Office Building, 820 N. French Street, Wilmington, DE 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 12117(a).

5. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under the Americans with Disabilities Act to redress the wrongs done to her by Defendant's discrimination against her on the basis of her disability.

7. Plaintiff timely submitted a complaint of discrimination based on her disability to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. On August 23, 2022, the EEOC issued a Notice of Right to Sue for the above referenced charge.

9. On the same date, August 23, 2022, the EEOC issued a Notice of Intent to Reopen Charge and rescinded the previously issued Notice of Right to Sue.

10. On October 31, 2022, the United States Department of Justice issued a Notice of Right to Sue Within 90 Days.

11. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

12. Plaintiff was hired by Defendant as a Local Cost Recovery Specialist/Financial Secretary in or about August 2019.

13. Plaintiff held the position of Local Cost Recovery Specialist/Financial Secretary at the time of her discharge.

14. At all times relative to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. § 12102(1). Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, and/or she has had a record of such an impairment, and/or she has been regarded by Defendant as having such an impairment. More specifically, Plaintiff suffers from vestibular disorder/vestibular migraines, and has congenital visual deficits.

15. Despite her disability, at all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

16. Plaintiff informed Defendant of her disability when she was hired.

17. Plaintiff accepted the Local Cost Recovery Specialist/Finance Manager position because the job was two miles from her house, a convenience she needed because of her disability.

18. Plaintiff's job location was changed in June 2021.

19. The new location increased travel time and required Plaintiff to drive in heavy, fast-paced traffic.

20. Plaintiff was denied office space comparable to her initial location even though her office coworker was approved to remain within the vicinity in an office that could accommodate two people.

21. Plaintiff explained to Human Resources that because of her disability, travel to the new location was adversely affecting her health.

22. Plaintiff informed Human Resources she was going to request an accommodation in an effort to reduce the impacts of the new job location on her health.

23. Plaintiff also discussed with Human Resources the possibility of retiring if her health failed to improve.

24. Plaintiff confirmed with the Pension Office that she was required to submit her retirement request four months in advance but could change the retirement date or withdraw the retirement request as late as the last day before retirement.

25. Plaintiff and the Pension Office also discussed the possibility of Short Term Disability ("STD") but Plaintiff stated she believed an accommodation would negate the need for STD.

26. On or about August 17, 2021, Plaintiff submitted her intent to retire notification to Human Resources.

27. On August 19, 2021, the Chief of Staff of the DOE acknowledged receipt of Plaintiff's notification of intent to retire.

28. On August 23, 2021, Plaintiff submitted her request for a reasonable accommodation due to her disability to Human Resources.

29. On or about September 9, 2021, Defendant granted Plaintiff's request to work from home three days per week as a reasonable accommodation.

30. On September 29, 2021, Plaintiff submitted a letter to Human Resources and her supervisor asking that her retirement date be moved from December 1, 2021, to January 1, 2022, with the intent to re-evaluate her health in November and hoped to withdraw her retirement request at that time.

31. Human Resources responded that her retirement request had yet to be processed and that her retirement date would have to be January 1, 2022, in order to allow time to process the request.

32. On or about October 5, 2021, the DOE Chief of Staff wrote Plaintiff stating she was accepting her retirement effective December 1, 2021.

33. Plaintiff explained to the Chief of Staff her conversations with the Pension Office regarding changing or rescinding her retirement request.

34. On or about October 6, 2021, the Chief of Staff informed Plaintiff that her request for reconsideration was denied.

35. When Plaintiff asked for a reason for DOE's position, the Chief of Staff replied that the DOE Policy Manual does not address such a situation, that a decision to modify a retirement date was discretionary, and that the DOE had exercised its discretion.

36. As a prior DHSS manager, Plaintiff was aware that retirement dates can be postponed or cancelled completely, and confirmed this with DOE Human Resources before submitted her retirement request.

37. Plaintiff was denied the opportunity to modify or rescind her retirement request and was forcibly retired on December 1, 2021.

38. By failing to allow Plaintiff to modify her retirement date despite being informed as to the reason for the proposed retirement date, after granting Plaintiff a reasonable accommodation for her disability, and despite assurances from Defendant that the retirement date could be modified or rescinded, Defendant discriminated against Plaintiff on the basis of her disability by forcing her to retire against her will.

39. Plaintiff was subjected to differential treatment on the basis of her disability by agents of Defendant, including termination of her employment.

40. The reason proffered by Defendant for Plaintiff's termination, i.e., that Defendant was allowed to exercise discretion when determining whether to modify or rescind a proposed retirement date, failed to comply with federal and state laws prohibiting discrimination on the basis of a disability.

41. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

42. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

### COUNT I – AMERICANS WITH DISABILITIES ACT

43. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 42 hereinabove.

44. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her disability in violation of 42 U.S.C. § 12117 *et seq*.

45. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

   c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

   d. punitive damages;

   e. pre-judgment and post-judgment interest;

   f. attorney's fees; and

   g. any other relief that this Court deems just.

       SCHMITTINGER & RODRIGUEZ, P.A.

       By: */s/ Gary E. Junge*
         GARY E. JUNGE, ESQUIRE
         Bar I.D. # 6169
         414 South State Street
         P.O. Box 497
         Dover, Delaware 19903-0497
         (302) 674-0140
         Attorney for Plaintiff

Dated:  January 25, 2023